IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CRAIG O. JACKSON, | § | |
| | § | No. 238, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 30604822DI |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 24, 2015
Decided: November 2, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VAUGHN**, Justices.

### O R D E R

This 2nd day of November, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In November 1986, the appellant, Craig O. Jackson, was indicted on multiple counts of sexual offenses involving his stepdaughters. In early 1987, Jackson entered into a written plea agreement with the State. Jackson agreed to plead guilty to Unlawful Sexual Intercourse in the Second Degree, a lesser included offense of Unlawful Sexual Intercourse in the First Degree, as to his seven-year-old stepdaughter, in return for which the State agreed to drop the remaining charges against Jackson as to both victims. In February 1987, following a hearing, the

Superior Court accepted Jackson's guilty plea and sentenced defendant Jackson to a mandatory term of life imprisonment with the possibility of parole. Jackson did not appeal the Superior Court's judgment.

(2) In January 1988, Jackson filed his first motion for postconviction relief under Superior Court Criminal Rule 35 (now Superior Court Criminal Rule 61 ("Rule 61")). In the motion, Jackson argued that his former counsel was ineffective for, among other things, failing to tell him that he would receive a mandatory life sentence. The Superior Court denied the motion. This Court affirmed the Superior Court's judgment.[1] This Court also affirmed the Superior Court's denial of Jackson's second motion for postconviction relief.[2]

(3) In June 2011, Jackson filed his third motion for postconviction relief. Jackson raised the same ineffective assistance of counsel claim he raised in his first motion for postconviction relief and claimed this Court's decision in *Evans v. State*[3] retroactively increased his sentence. We affirmed the Superior Court's denial of the motion.[4]

(4) Jackson filed a motion for rehearing en banc on the ground that he asserted a new rule of retroactively applicable constitutional law under *Lafler v.*

---

[1] *Jackson v. State*, 1988 WL 93402 (Del. Aug. 29, 1988).
[2] *Jackson v. State*, 2008 WL 4892732 (Del. Nov. 12, 2008).
[3] 872 A.2d 539 (Del. 2005).
[4] *Jackson v. State*, 2012 WL 4097260 (Del. Sept. 19, 2012).

*Cooper*[5] and *Missouri v. Frye*.[6] We granted the motion and appointed counsel ("Posctonviction Counsel") to represent Jackson.[7] We subsequently granted Postconviction Counsel's motion to remand the matter to the Superior Court for further proceedings.[8]

(5) In the Superior Court, Postconviction Counsel filed an opening brief in support of Jackson's motion for postconviction relief. Postconviction Counsel argued that Jackson's guilty plea was the result of ineffective assistance of counsel because Jackson's former counsel wrongly informed Jackson that, by accepting the plea, he would be released from prison at some point in the future, regardless of whether he was paroled. After the State filed an answering brief and Postconviction Counsel filed a reply brief, the Superior Court directed Jackson's former counsel to submit an affidavit responding to Jackson's allegations. Jackson's former counsel submitted an affidavit and the State and Postconviction Counsel filed responses to the affidavit. During the Superior Court proceedings, Jackson was granted parole.

(6) In an order dated December 15, 2014, a Superior Court Commissioner recommended denial of Jackson's motion for postconviction relief. After considering the substantive merits of Jackson's ineffective assistance of counsel

---

[5] 132 S. Ct. 1376 (2012).
[6] 132 S. Ct. 1399 (2012).
[7] *Jackson v. State*, No. 130, 2012 (Del. Oct. 17, 2012).
[8] *Jackson v. State*, 2012 WL 6707734 (Del. Nov. 1, 2012).

3

claim, the Commissioner found that the Guilty Plea Form and plea colloquy were contrary to Jackson's claim that there was a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial.

(7) Postconviction Counsel filed objections to the Commissioner's report and recommendation. The Superior Court adopted the Commissioner's report and recommendation and denied Jackson's third motion for postconviction relief. This appeal followed.

(8) On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel represents that he provided Jackson with a copy of the motion to withdraw and the accompanying brief and informed Jackson of his right to identify any points he wished this Court to consider on appeal. Jackson has not identified any points for this Court to consider. The State has responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(9) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii)

4

conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[9]

(10)  This Court has reviewed the record carefully and has concluded that Jackson's appeal is wholly without merit and devoid of any arguably appealable issue.  Jackson has not shown that but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial.[10]  During the plea colloquy, Jackson stated that he did not want to risk going to trial and that he would not have a chance at trial due to his statement to the police and the testimony of one of the victims.  By pleading guilty to Unlawful Sexual Intercourse in the Second Degree, Jackson avoided the risk of being found guilty of additional charges, including Rape in the First Degree, and facing another life sentence.

(11)  We also are satisfied that Jackson's counsel has made a conscientious effort to examine the record and the law and has properly determined that Jackson could not raise a meritorious claim in this appeal.

---

[9] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[10] *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985) (to show ineffective assistance of counsel, defendant must show counsel's representation fell below objective standard of reasonableness, and in context of guilty plea, but for his counsel's ineffective assistance, defendant would not have pled guilty and would have insisted on going to trial); *Albury v. State*, 551 A.2d 53, 58-60 (Del. 1988) (same).

5

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Randy J. Holland
Justice